**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH GRAHAM | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV00763  SWW |
| HARTFORD LIFE AND ACCIDENT | * | |
| INSURANCE COMPANY and | * | |
| HARTFORD LIFE INSURANCE | * | |
| COMPANY | * | |
| | * | |
| Defendants | * | |

**ORDER**

Kenneth Graham ("Graham") brings this breach of contract action against Hartford Life

and Accident Insurance Company ("Hartford Life and Accident") and Hartford Life Insurance

Company ("Hartford Life") pursuant to the Court's diversity jurisdiction, charging that

Defendants wrongfully denied his claim for benefits under an accidental death and

dismemberment policy ("the Policy").  Before the Court is Defendants' motion for judgment on

the pleadings (docket entries #8, #9), Graham's responses in opposition (docket entries #14,

#20), and Defendants' reply (docket entry #21).  Also before the Court is Graham's motion for

certification of a question to the Supreme Court of Arkansas (docket entries #23, #24),

Defendants' response in opposition (docket entries #26, #27), and Graham's reply (docket entry

#30).  After careful consideration, and for reasons that follow, Defendants' motion for judgment

on the pleadings will be granted, and Graham's motion for certification will be denied.

1

## I.  Background

The following facts are taken from the complaint, documents attached to the complaint, and a certified copy of the Policy.  Separate Defendant Hartford Life and Accident issued the Policy to Financial Services Association, the policyholder, and issued a certificate of insurance ("COI") to Graham, an insured person under the Policy.  The COI issued to Graham contains the following introductory paragraphs:

> We have issued a policy to the Policyholder.  Our name, the Policyholder name and the Policy Number are shown above.  The provisions of the Policy which are important to you are summarized in this Certificate; consisting of this Certificate and any additional forms which have been made party of this Certificate . . . . The Policy alone is the only contract under which payment will be made.  Any difference between the Policy and this Certificate will be settled according to the provisions of the Policy.  *The Policy may be inspected at the office of the Policyholder.*
>
> * * * * *
> _____
>
> **30 DAY RIGHT TO EXAMINE CERTIFICATE:  We urge you to examine this certificate closely.  If you are not satisfied, return it to us within 30 days of your Effective Date.  In that event, we will consider it void from the certificate Effective Date and any premium paid will be refunded.  Any claims paid during the initial 30 day period will be deuced from the refund.**
> _____

Compl., Ex. B. (italics added).

In a section titled **"CLAIMS,"** the COI and the Policy provide:  "**Legal Actions**: You cannot take legal action against us . . . after 3 years following the date proof of loss is due."  Compl., Ex. B (COI); docket entry #22, Ex. #1 (the Policy).   And after the subheading "**Proof of Loss**," the COI and the Policy state:   "Proof of loss must be sent to us in writing within 90 days after . . . the date of the loss . . . . If the claimant is not able to send it within that time, it may be sent as soon as reasonably possible without affecting the claim. The additional time

allowed cannot exceed one year unless the claimant is legally incapacitated."  *Id*.

On July 6, 2005, an aerosol can containing oven cleaner exploded and sprayed into Graham's face, which caused him to suffer "entire and irrevocable" vision loss.  Compl., ¶ 6. Graham filed a timely claim under the Policy, and Hartford Life issued a letter dated September 25, 2006, denying his claim.   Graham appealed, and Hartford Life and Accident issued a letter denying his appeal.[1]

On July 2, 2010, Graham commenced this action for breach of contract, seeking benefits due under the Policy, plus a 12% statutory penalty and attorney's  fees pursuant to Ark. Code Ann. § 23-79-208.   In addition to Hartford Life and Accident, the insurer listed on the Policy, Graham names Hartford Life as a defendant, alleging that the initial letter denying his claim indicates that Hartford Life took part in denying his claim.

## II.  Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings, asserting that Graham's claim is barred by the three-year limitation period for legal action set forth in the COI and the Policy.

<u>Standard of Review</u>

The standards of review for motions to dismiss for failure to state a claim under Fed. R. Civ. P 12(b)(6) and motions  for judgment on the pleadings under Fed. R. Civ. P 12(c) are identical.[2]  *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In reviewing a

---

[1]A copy of the letter denying Graham's appeal attached to the complaint contains no date. *See* Compl., Ex. C.

[2] Both 12(b)(6) and 12(c) motions challenge the legal sufficiency of the opposing party's pleadings.  However, unlike a 12(b)(6) motion, a 12( c) motion  is submitted after the pleadings have been closed.  *Id*.   Additionally, 12(b)(6) motions are made by a party who is the object of a claim, but a 12(c) motion may be made by either party.

motion to dismiss under either rule, the Court must accept as true all factual allegations in the

complaint, but is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)).  In deciding whether Graham states a claim, the Court

must determine whether he has plead facts with enough specificity "to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

1965 (2007) (citations omitted).  A complaint cannot simply "[leave] open the possibility that a

plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968

(citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the .

. . claims across the line from conceivable to plausible." *Id.* at 1974.

When considering a motion for judgment on the pleadings, the court generally must

ignore materials outside the pleadings, but it may consider  "'some materials that are part of the

public record or do not contradict the complaint', as well as materials that are 'necessarily

embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th

Cir.1999)(quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th

Cir.), *cert. denied*, 527 U.S. 1039, 119 S. Ct. 2400 (1999)(first quotation))(*Jaffray Cos. v.

National Union Fire Ins. Co*., 967 F. Supp. 1148, 1152 (D. Minn. 1997)(second quotation)).

Additionally, under Fed. R. Civ. P. 10(c), a copy of a written instrument that is an exhibit to a

complaint is a part of the complaint for all purposes.[3]

---

[3]Graham appended three documents to his complaint: (1) a copy of a certificate of
insurance (Compl., Ex. B); (2) a letter dated September 25, 2006 from Separate Defendant
Hartford Life Insurance Company, denying his claim (Compl., Ex. A); and (3) a letter with no
visible date from Separate Defendant Hartford Life and Accident Company, denying his appeal
of the initial denial of his claim (Compl., Ex. C).

Discussion

Graham asserts several arguments in opposition to dismissal.   First, he asserts that while the COI provides a three-year limitations period for taking legal action, he does not have a certified copy of the Policy, which may contain different terms.  In response, Defendants filed a verified copy of the Policy,[4] which reads in pertinent part as follows:

> Legal Actions: You cannot take legal action against us: a) before 60 days following the date proof of loss is sent to us; b) after 3 years . . . following the date proof of loss is due.

Docket entry #22., Ex. #1.  Because the COI and the Policy contain identical language regarding the three-year limitation period for taking legal action and the time for filing proof of loss, Graham's argument is without merit.

Second, Graham contends that  the Policy's three-year limitation period for legal action is void by operation of Arkansas Code § 23-79-202.[5]   Section 23-79-202 affirms an insured's

---

[4]Because the Policy is "necessarily embraced" by the Complaint, it is properly considered in deciding Defendants' motion to dismiss.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999)(citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir.), *cert. denied*, 527 U.S. 1039, 119 S.Ct. 2400 (1999) and *Jaffray Cos. v. National Union Fire Ins. Co*., 967 F. Supp. 1148, 1152 (D. Minn. 1997)).

[5]Arkansas Code § 23-79-202 provides:

(a) An action may be maintained in the courts of this state by an insured or any other person on his or her behalf to recover on any claim or loss arising under a policy of insurance on property or life against the insurer issuing the policy or against the sureties on any bond filed by the insurer as a condition precedent to its right to do business in this state, at any time within the period prescribed by law for bringing actions on promises in writing.

(b) Any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void.

Ark. Code Ann. § 23-79-202.

right to bring an action on any claim arising under a property or life insurance policy *within the period prescribed by law for bringing actions on promises in writing,* and it declares void any provision requiring such action to be brought within a shorter time.  *See* Ark. Code Ann. § 23-79-202.

Graham grounds his argument on the false assumption that Arkansas law[6] prescribes a minimum, five-year statute of limitation for actions on written contracts.  Although Arkansas Code § 16-56-111(a)[8] requires an action to enforce obligations under a written contract to be commenced within five years after the cause of action accrues, the statute establishes a maximum, not a minimum, limitations period.  Arkansas law permits parties "to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulation is not unreasonably short and the agreement does not contravene some statutory requirement or rule based upon public policy."  *Ferguson v. Order of United Commercial Travelers of Am.*, 307 Ark. 452. 455-56, 821 S.W.2d 20, 32 (1991).

The Court finds that neither § 16-56-111(a) nor § 23-79-202 prohibit the three-year

---

[6]The parties support their respective positions with citation to Arkansas law.  When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum state–in this case Arkansas--and applies those principles as the forum state would.  *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994).  In contract actions, when, as in this case, the agreement does not specify the law to be applied, Arkansas Courts have applied the  "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue.  *Fuller v. Hartford Life Ins. Co.,* 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002).   Here, because the insured is an Arkansas resident and no other state appears to have a connection to the execution or performance of the insurance contract, the Court finds that Arkansas law governs the substantive issues presented.

[8]Arkansas Code § 16-56-111(a) provides that "[a]ctions to enforce written obligations, duties, or rights, except those to which § 4-4-111 is applicable, shall be commenced within five (5) years after the cause of action shall accrue."  Ark. Code Ann. § 16-56-111(a).

limitation period set forth in the Policy.   As for whether the stipulated period is unreasonably

short, Graham does not allege that he had insufficient time to investigate his claim and prepare

for this lawsuit, *see Ferguson*, 307 Ark. at 456, 821 S.W.2d at 32-33(quoting *City of Hot*

*Springs v. National Sur. Co.*  258 Ark. 1009, 1013, 531 S.W.2d 8, 10 (1975)("[T]he stipulated

period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to

investigate his claim and prepare for the controversy), and Arkansas courts have found three-

year limitation periods in insurance contracts to be reasonable.  *See Ferguson*, 307 Ark. at 456,

821 S.W.2d at 33; *Hawkins v. Heritage Life Ins. Co.*, 63 Ark. App. 67. 71, 973 S.W.2d 823, 826

(1998).  In sum, the Court finds that the three-year limitation period set forth in the Policy is

neither unreasonably short nor contravened by statute based on public policy**.**

Third, citing rules and regulations issued by the Arkansas Insurance Commissioner,

Graham asserts that when he initially pursued his claim, he was not represented by an attorney,

and whether he was informed of the "reduction of his statutory right to sue is a fact issue."

Docket entry #14, at 3.

The Arkansas Insurance Commissioner is authorized to promulgate regulations

necessary or proper to identify practices prohibited by the Arkansas Deceptive Trade Practices

Act.  *See* Ark. Code Ann. § 23-66-207(a).  Pursuant to this authority, the Commissioner issued

Rule and Regulation 43 entitled Unfair Claims Settlement Practices,  "which, if violated with

such frequency as to indicate a general business practice, will be deemed to constitute unfair

claim settlement practices."  Ark. Ins. Rule and Reg.  43, § 1.   Rule and Regulation 43

provides that insurers shall not continue or prolong negotiations for settlement of a claim with a

claimant who is not represented by an attorney "until the claimant's rights may be affected by a

statute of limitations or a policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights."   *See* Ark. Ins. Rule and Reg. 43, § 9(b).

Graham does not allege that the parties entered settlement negotiations or that he failed to meet the three-year limitations period based on Defendants' conduct. The well-pleaded facts simply do not show that Graham is entitled to relief on the basis of prolonged settlement negotiations or inequitable conduct.

Fourth, Graham objects to dismissal on the ground that "Defendants . . . fail to address how the [three-year limitations period for legal action] limits Plaintiff's right to sue Hartford Life Insurance Company."   Docket entry #14, at 2.  Graham notes that the Policy states "You cannot take legal action against *us* . . . after 3 years . . . following the date proof of loss is due," docket entry #22, Ex. 1(emphasis added), and the Policy clarifies that the terms we, us, or our" means Hartford Life and Accident Insurance Company.  *Id.*

Defendants respond that Hartford Life Insurance did not issue the Policy and is not a proper party to this lawsuit and that "even if Hartford Life Insurance Company is somehow a proper defendant, the three year limitations period would still apply because the only relevant action is the denial of Mr. Graham's claim."   Docket entry #17, at 5.

In his complaint, Graham alleges that he "entered into a contract for insurance with Defendants" and that "Defendants have not done what the policy required of them and have breached the contract . . . ." Compl., ¶ 8.   The Policy language makes clear that Hartford Life

and Accident issued the Policy and promised to pay benefits according to the Policy terms,[9] and

the Policy contains no reference to Hartford Life.  The Court finds that even if the separate

defendants could be considered a single entity for the purpose of Graham's breach of contract

claim, Graham was required to file suit within the contractual limitation period.

Fifth, Graham asserts that the record is void of information as to when the proof of loss

was due and thus when the limitations period commenced.   The Policy and the COI provide

that proof of loss must be sent within 90 days after the date of the loss.  The Policy and the COI

further provide that if the claimant is not able to send proof of loss within the ninety-day period,

proof of loss may be sent as soon as reasonably possible, but the additional time cannot exceed

one year.

Defendants argue that, regardless of whether the limitations period began to run 90 days

after Graham's injury, one year after Graham's injury, or even when Hartford Life and Accident

issued its final decision, Graham's claim is time-barred because he filed this suit over three

years later.  Docket entry #17, at 4.

Because Graham's proof of loss was necessarily due before Hartford Life and Accident

---

[9]The first page of the Policy contains the following:

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
Hartford Plaza
Hartford Connecticut
(A stock insurance company)

Will pay benefits according to the conditions of this policy.

Signed for the Company

/s/Christine Hayer Repasy, Secretary      /s/ Thomas M. Mars, President

denied his appeal, the Court finds that the three-year limitation period started running before Hartford Life and Accident issued its final decision.  Assuming that Graham took the maximum additional time available under the Policy for submitting proof of loss, his deadline for submitting proof of loss would have been October 4, 2006,[10]  making the  complaint in this case, filed on July 2, 2010, untimely.

Sixth, Graham argues that the Policy is an adhesion-type contract, and the only way he could have reviewed the entire policy was to travel to the office of the policyholder.  As previously noted, the COI and the Policy contain identical language regarding the limitation period for legal action, and Graham does not allege that the COI was difficult to read or understand.  Nor does Graham allege that Defendants misrepresented the Policy terms or that he desired or attempted to change the terms.  Even if the terms of the Policy were not negotiable, it does not follow that Graham's participation was involuntary.  As the COI  provides in bold type, Graham was free to cancel the agreement.

For the reasons stated, the Court finds that Graham's action for breach of contract is time-barred and that Defendants' motion to dismiss should be granted.

### III.  Motion for Certification of Question to the Supreme Court of Arkansas

Graham moves to certify the following question to the Supreme Court of Arkansas:

Under the facts of this case, can an insurance company in the case of an accidental death and dismemberment policy shorten the five-year statute of limitations applicable pursuant to Ark. Code Ann. § 16-56-111 to less than five years, or is the statute shortening prohibited by Ark. Code Ann. § 23-79-202 or other law or public

---

[10]Graham's alleged vision loss occurred on July 6, 2005, and unless he took the additional year for submitting proof of loss, his proof of loss would have been due on October 4, 2005.  If, however, Graham took the maximum additional time available, his proof of loss would have been due on October 4, 2006.

policy?

The Arkansas Supreme Court "may answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court."  Ark. Sup. Ct. Rule 6-8.  For reasons previously stated, the Court finds that under existing Arkansas decisional law, neither Arkansas Code § 16-56-111(a) nor § 23-79-202 prohibit the three-year limitation period set forth in the Policy.   Accordingly, the Court finds no basis for certifying the question to the Supreme Court of Arkansas**.**

IT IS THEREFORE ORDERED that Defendants' motion for judgment on the pleadings (docket entry #8) is GRANTED.  Pursuant to the judgment entered with this order, this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for certification of a question to the Supreme Court of Arkansas (docket entry #23)  is DENIED**.**

IT IS SO ORDERED THIS 15TH  DAY OF APRIL, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE